**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **JAMES M. MARTIN,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | **NO. 4:25-CV-00131-CDL-AGH** |
| **VS.** | : | |
| | : | |
| **Warden MARK AGBAOSI,** | : | |
| | : | |
| **Respondent.** | : | |
| | : | |

## ORDER

*Pro se* Petitioner James M. Martin, a prisoner at Dooly State Prison in Unadilla, Georgia, has filed a petition for a writ of habeas corpus in which he challenges his 2001 criminal conviction in the Muscogee County Superior Court for murder, felony murder, and possession of a knife during the commission of a crime. ECF No. 1. This matter is now before this Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. Rule 4 provides that:

> [t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

A review of this Court's records reveals that Petitioner has filed several previous federal habeas corpus petitions challenging this same conviction: *Martin v. Thompson*,

4:06-cv-140 (CDL) (M.D. Ga. Dec. 4, 2006) ("*Martin I*"); *Martin v. Hart*, 4:13-cv-66 (CDL) (M.D. Ga. Mar. 27, 2013) ("*Martin II*"); and *Martin v. Johnson*, 4:15-cv-151 (CDL) (M.D. Ga. Sept. 18, 2015) ("*Martin III*"). In *Martin I*, the Court dismissed Petitioner's habeas petition, finding that a number of his claims were procedurally defaulted and that he was not entitled to habeas relief on his remaining claims for ineffective assistance of appellate counsel. In *Martin II*, this Court dismissed Petitioner's habeas petition as an unauthorized second or successive habeas petition. The Eleventh Circuit Court of Appeals subsequently denied Petitioner's application to file a second or successive habeas petition. *See In Re: James M. Martin*, Case No. 12-11595-A (11th Cir. Apr. 25, 2013). In *Martin III*, this Court again dismissed Petitioner's habeas petition as an unauthorized second or successive petition, and the Eleventh Circuit again denied Petitioner's application to file a second or successive habeas petition. *See In Re: James M. Martin*, Case No. 15-14937-G (11th Cir. Nov. 20, 2015). Petitioner has twice more requested from the Eleventh Circuit to file a second or successive habeas petition and has each time been denied. *See In Re: James Martin*, Case No. 16-12718-E (11th Cir. Jun. 1, 2016); *In Re: James Martin*, Case No. 18-12442-G (11th Cir. Jul. 9, 2018).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The instant Petition is therefore again considered successive within the meaning of § 2244(b). *See Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009) (noting that "[l]ater habeas petitions attacking the same judgment that was

attacked in a prior petition tend to be labeled successive and must meet the requirements

for authorization under § 2244").

It does not appear and Petitioner does not show that he has received an order from

a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this Court to

consider a successive habeas petition challenging his 2001 Muscogee County conviction.

Without such an order, this Court lacks jurisdiction to consider the successive claims.

*See* U.S.C. § 2244(b)(3)(A); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932,

933–34 (11th Cir. 2001) (per curiam); *Holland v. Sec'y*, 941 F.3d 1285, 1287 (11th Cir.

2019) (finding that the district court is without jurisdiction to consider a second or

successive petition on the merits and must dismiss it).

Accordingly, it is **ORDERED** that the instant petition be **DISMISSED without**

**prejudice** to Petitioner's right to file in the Eleventh Circuit a motion for leave to file a

second or successive habeas petition pursuant to § 2244(b)(3).  The Clerk is **DIRECTED**

to furnish Petitioner with the application form required by the Eleventh Circuit.

Petitioner has no absolute entitlement to appeal this dismissal. Before he may

appeal, the district court must first issue a certificate of appealability ("COA").  *See* Rules

Governing § 2254 Cases, Rule 11(a); 28 U.S.C. § 2253(c)(1).  When the district court

denies a habeas petition on procedural grounds without reaching the prisoner's underlying

constitutional claim, a COA should issue when the prisoner shows that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Because it is clear on the face of

Petitioner's application that it is a second or successive petition within the meaning of §

2244(b), no reasonable jurist could find that the dismissal of this Petition is debatable or wrong.  Petitioner is thus **DENIED** a COA.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving denial of COA before movant filed a notice of appeal).

   **SO ORDERED and DIRECTED**, this 22nd day of April, 2025.


                              S/Clay D. Land
                              CLAY D. LAND
                              UNITED STATES DISTRICT COURT JUDGE
                              MIDDLE DISTRICT OF GEORGIA