IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JAMES M. MARTIN, | : | |
| Petitioner, | : | |
| | : | NO. 4:25-CV-00131-CDL-AGH |
| VS. | : | |
| Warden MARK AGBAOSI, | : | |
| Respondent. | : | |

**ORDER ON PETITIONER'S APPLICATION TO APPEAL IN FORMA PAUPERIS**

*Pro se* Petitioner James M. Martin, a prisoner at Dooly State Prison in Unadilla, Georgia, has filed a Notice of Appeal.  ECF No. 7.  Petitioner seeks to proceed *in forma pauperis* with his appeal.  ECF No. 11.  An Order was entered on April 22, 2025 that dismissed Petitioner's complaint as an impermissible successive petition under 28 U.S.C. § 2244(b)(3) and *Holland v. Sec'y*, 941 F.3d 1285, 1287 (11th Cir. 2019) (finding that the district court is without jurisdiction to consider a second or successive petition on the merits without authorization from the Circuit Court of Appeals and must dismiss it).  ECF No. 4.  Subsequently, Judgment was entered in favor of the Respondent.  ECF No. 5.  After reviewing the record, the Court enters the following Order as to Petitioner's Motion for Leave to Appeal *in forma pauperis*.

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24.  28 U.S.C. § 1915 provides:

(a)(1) [A]ny court of the United States may authorize the commencement,

> prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24 provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> > (A) shows . . . the party's inability to pay or to give security for fees and costs;
> > (B) claims an entitlement to redress; and
> > (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations. First, it must determine whether Petitioner is financially able to pay the filing fee required for an appeal. Petitioner has submitted the same certified copy of his trust fund account statement from January 2025 that he submitted upon initiating this civil action. *Compare* ECF No. 2 at 4-5 with ECF No. 11-1. Petitioner's submission is substantially outdated but if the information therein remains unchanged, then he cannot pay the $605 appellate filing fee.

Next, the Court must determine if Petitioner has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A petitioner demonstrates good faith when he seeks review of a non -frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in

2

law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted), *overruled on other grounds by Hoever v. Marks*, 993 F.3d 1353, 1363-64 (11th Cir. 2021). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

A statement of the issues an Appellant intends to appeal is required under Fed. R. App. P. 24(a)(1)(C). Nowhere in Petitioner's Notice of Appeal (ECF No. 7) or in his request to proceed *in forma pauperis* on appeal (ECF No. 11) is there any statement as to why the district court's decision to dismiss this civil action as an impermissible successive petition was in error. Instead, Petitioner again attacks the state court proceedings surrounding his conviction. *See* ECF No. 7. Although Petitioner has not submitted a statement of the issues he intends to appeal, as is required under Fed. R. App. P. 24(a)(1)(C), this Court has conducted an independent review of Petitioner's initial complaint (ECF No. 1), the Order dismissing this civil action (ECF No. 4), and Petitioner's notice of appeal (ECF No. 7) and concludes that Petitioner has raised no issues with arguable merit for appeal[1] and that Petitioner's appeal of the dismissal of this civil action

---

[1] Furthermore, Petitioner has still not shown that he has received an order from a three-

is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed"). The appeal, therefore, is not brought in good faith. Consequently, Petitioner's application to appeal *in forma pauperis* (ECF No. 11) is **DENIED**.

If Petitioner wishes to proceed with his appeal, he must pay the entire $605.00 appellate filing fee. Because Petitioner has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section 1915(b), the prison account custodian where Petitioner is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Petitioner's account (to the extent the account balance exceeds $10) until the $605.00 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the facility in which Petitioner is incarcerated.

**SO ORDERED and DIRECTED**, this 8th day of July, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

judge panel of the Eleventh Circuit Court of Appeals as statutorily required that would authorize this Court to consider a successive habeas petition challenging his 2001 Muscogee County conviction. *See* U.S.C. § 2244(b)(3)(A).